**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GARY TESCH

    Petitioner,

v.                                                        Civ. No. 20-0030 RB/GJF

DWAYNE SANTISTEVAN, *et al.*,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Gary Tesch's 28 U.S.C. § 2254 habeas corpus petition. (Doc. 1.) Mr. Tesch challenges his state criminal convictions based on, inter alia, ineffective assistance of counsel. After reviewing the matter *sua sponte*, the Court will direct Mr. Tesch to show cause why the Court should not abstain from this *pro se* action, as he is currently seeking the same relief, through counsel, in state court.

**I.     BACKGROUND**[1]

In 2009, a jury convicted Mr. Tesch of first-degree criminal sexual penetration of a child under 13. (*Id.* at 1.) The state court sentenced him to 18 years imprisonment. (*Id.*) Mr. Tesch filed a direct appeal, and the New Mexico Supreme Court (NMSC) remanded the matter for an evidentiary hearing on his ineffective-assistance-of counsel claims. *See* D-503-CR-2009-00047, Mandate (N.M. 5th Jud. Dist. Ct. June 4, 2010). The trial court found no ineffective assistance. *See*

---

[1] The background facts are taken from the Petition and Mr. Tesch's state court criminal docket (Case No. D-503-CR-2009-00047), which is subject to judicial notice. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

*id.*, Findings & Conclusions (May 15, 2013). By an Order entered September 20, 2013, the NMSC denied certiorari review in connection with that ruling. *See id.*, Mandate, (Sept. 23, 2013).

Mr. Tesch filed a motion to reconsider the findings and conclusions, which the state court construed as a habeas petition. *See id.*, Request to Am. (Feb. 13, 2014). The state court appointed counsel, and the docket reflects the petition is still pending. The state court entered a procedural order, but it only resolved Mr. Tesch's illegal-sentence-enhancement claim. *See id.*, Procedural Order on Am. Habeas Pet. (Oct. 4, 2019). Mr. Tesch's state habeas counsel requested a preliminary hearing on June 17, 2020, and that hearing was held on August 31, 2020. It does not appear the state habeas claims have been set for final hearing.

Mr. Tesch filed the *pro se* federal Petition on January 10, 2020. (Doc. 1.) He contends, inter alia, that trial counsel rendered ineffective assistance. Mr. Tesch paid the $5.00 filing fee, and the matter is ready for initial review.

**II.    DISCUSSION**

The Petition is governed by 28 U.S.C. § 2254 and Habeas Corpus Rule 4. That rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer . . . ." *Id.* As part of the initial review process, the Court may examine whether the petitioner exhausted state remedies. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies . . . may be raised by a court sua sponte. . . . [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside."). The initial review can also include an analysis of

jurisdiction, as "courts have an independent obligation to address their own subject-matter jurisdiction." *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017).

Mr. Tesch alleges he exhausted state remedies before bringing a federal habeas claim. Assuming this is true, the state court docket reflects he is still prosecuting a counseled habeas proceeding in that forum. Because the state court action could impact the federal case, the concurrent proceedings trigger a jurisdictional analysis under *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine requires federal courts to abstain from exercising jurisdiction when: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests." *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). The doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). "*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Amantullah v. Colo. Bd. of Med. Exam'r*, 187 F.3d 1160, 1163 (10th Cir. 1999).

All three *Younger* conditions appear to be met in this case. There is an ongoing counseled habeas proceeding addressing the same subject matter (ineffective assistance of counsel) as the federal Petition. As to the second condition, the Tenth Circuit counsels that "unless state law clearly bars the interposition of the federal statutory and constitutional claims," a litigant typically has "an adequate opportunity to raise federal claims in state court." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003). Mr. Tesch's federal constitutional claims are not barred under state law, and beyond being merely "adequate," the state court appears

3

preferable in this instance. Mr. Tesch has counsel in the state habeas proceeding, whereas he is prosecuting the federal action *pro se*.

The last *Younger* condition focuses on whether the state proceeding involves important state interests. "The states' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *see also Fisher v. Whetsel*, 142 F. App'x 337, 339 (10th Cir. July 20, 2005) (noting that a state's "important interest in enforcing its criminal laws through proceedings in its state courts remains axiomatic"). Based on this authority, the Court finds the state has an important interest in resolving the pending habeas proceeding, and the third *Younger* condition is met.

Having determined *Younger* applies, the Court must abstain "so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). The Court will permit Mr. Tesch to file a response within 30 days of entry of this Order showing cause, if any, why abstention is not warranted. If Mr. Tesch fails to timely respond or show that abstention does not apply, the Court will dismiss this case. Any dismissal will be without prejudice to refiling a § 2254 petition if the state court ultimately denies habeas relief. The Court can still consider his § 2254 claims after the state court denies relief and the NMSC denies certiorari review, as long as he files the next petition within the one-year limitation period.

**IT IS ORDERED** that within 30 days of entry of this ruling, Mr. Tesch must show cause in writing why his habeas petition should not be dismissed without prejudice under the *Younger* abstention doctrine, in light of his ongoing counseled state habeas proceeding.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE