**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GARY TESCH,

      Petitioner,

v.                                           Civ. No. 20-0030 RB/GJF

DWAYNE SANTISTEVAN, *et al.*,

      Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

      This matter is before the Court on Gary Tesch's 28 U.S.C. § 2254 habeas corpus petition. (Doc. 1.) Mr. Tesch challenges his state criminal convictions based on, inter alia, ineffective assistance of counsel. The Court previously directed Mr. Tesch to show cause why the Federal Court should not abstain from this *pro se* action, as he is currently seeking the same relief, through counsel, in state court. Because Mr. Tesch did not respond, the Court will abstain and dismiss the Petition without prejudice.

**I.**      **BACKGROUND**[1]

      In 2009, a jury convicted Mr. Tesch of first-degree criminal sexual penetration of a child under 13. (*Id.*) The state court sentenced him to 18 years imprisonment. (*Id.*) Mr. Tesch filed a direct appeal, and the New Mexico Supreme Court (NMSC) remanded the matter for an evidentiary hearing on his ineffective-assistance-of counsel claims. *See* Mandate entered June 4, 2010 in D-503-CR-2009-047. The trial court found no ineffective assistance. *See* Findings and Conclusions

---

[1] The background facts are taken from the Petition and Mr. Tesch's state court criminal docket (Case No. D-503-CR-2009-00047), which is subject to judicial notice. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

entered May 15, 2013 in D-503-CR-2009-047. The NMSC denied certiorari review in connection with that ruling. *See* Mandate entered Sept. 23, 2013 in D-503-CR-2009-047.

On February 13, 2014, Mr. Tesch filed a motion to reconsider the findings and conclusions, which the state court construed as a habeas petition. *See* Request to Amend in D-503-CR-2009-047. The state court appointed counsel, and the docket reflects that habeas proceeding is still pending. The state court entered a procedural order on October 4, 2019, but that only resolved Mr. Tesch's illegal-sentence-enhancement claim. *See* Procedural Order on Amended Habeas Petition in D-503-CR-2009-047. Mr. Tesch's state habeas counsel requested a preliminary hearing on June 17, 2020, and that hearing was held on August 31, 2020. *See* Docket Sheet in D-503-CR-2009-047. The State filed a response to Mr. Tesch's Statement of Issues on October 6, 2020, and it does not appear the state habeas claims have been heard at a final hearing. *See id.*

Mr. Tesch filed the *pro se* federal Petition on January 10, 2020. (Doc. 1.) He contends, inter alia, that trial counsel rendered ineffective assistance. On September 9, 2020, the Court directed Mr. Tesch to show-cause why *Younger* abstention did not apply, as Mr. Tesch is prosecuting a concurrent habeas proceeding, through counsel, in state court. (Doc. 6). The Court will summarize the *Younger* factors before addressing Mr. Tesch's failure to respond.

## II.   DISCUSSION

The Petition is governed by 28 U.S.C. § 2254 and Habeas Corpus Rule 4. That rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer . . . ." *Id.* As part of the initial review process, the Court may examine whether the petitioner exhausted state remedies. *See United*

2

*States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies . . . may be raised by a court sua sponte . . . . [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside."). The initial review can also include an analysis of jurisdiction, as "courts have an independent obligation to address their own subject-matter jurisdiction." *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017).

The Petition alleges Mr. Tesch exhausted state remedies before bringing a federal habeas claim. However, as noted in the prior opinion, the state court docket reflects he is still prosecuting a counseled habeas action in that forum. The Court therefore conducted a jurisdictional analysis under *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine requires federal courts to abstain from exercising jurisdiction when: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests." *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). The doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). "*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Amantullah v. Colo. Bd. of Med. Exam'r*, 187 F.3d 1160, 1163 (10th Cir. 1999).

The prior ruling noted that all three *Younger* conditions appear to be met in this case. There is an ongoing counseled habeas proceeding addressing the same subject matter (ineffective assistance of counsel) as the federal Petition. As to the second condition, the Tenth Circuit counsels

that "unless state law clearly bars the interposition of the federal statutory and constitutional claims," a litigant typically has "an adequate opportunity to raise federal claims in state court." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003). Mr. Tesch's federal constitutional claims are not barred under state law, and beyond being merely "adequate," the state court appears preferable in this instance. Mr. Tesch has counsel in the state habeas proceeding, whereas he is prosecuting the federal action *pro se*.

The last *Younger* condition focuses on whether the state proceeding involves important state interests. "The states' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *see also Fisher v. Whetsel*, 142 F. App'x 337, 339 (10th Cir. July 20, 2005) (noting that a state's "important interest in enforcing its criminal laws through proceedings in its state courts remains axiomatic"). Based on this authority, the Court finds the state has an important interest in resolving the pending habeas proceeding, and the third *Younger* condition is met.

When *Younger* applies, the Court must abstain "so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). Mr. Tesch was permitted to file a response addressing these exceptions and show cause, if any, why the Court should not abstain from this action. Mr. Tesch was warned that if he failed to timely respond, the Court will abstain without further notice.

The deadline to file a show-cause response was October 9, 2020. Mr. Tesch did not comply or otherwise respond to the ruling. Accordingly, the Court will abstain from this action based on

*Younger*, and in light of Mr. Tesch's concurrent habeas action in state court. The Court will dismiss the instant Petition without prejudice to refiling a § 2254 proceeding if the state habeas action is unsuccessful. Mr. Tesch is advised that his conviction became final in 2013. Although the one-year federal habeas limitation period is tolled during the pendency of a state habeas proceeding, the tolling will end as soon as the state habeas ruling becomes final. Mr. Tesch should file a new § 2254 petition as soon as possible after that ruling, if he seeks federal habeas review.

**IT IS ORDERED** that Gary Tesch's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (**Doc. 1**) is **DISMISSED without prejudice** under the *Younger* abstention doctrine; and the Court will enter a separate judgment closing the federal case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE